FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 NOV 16  P 5: 25

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MINNIE R. SMITH, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV505-083
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge J. Richard Stables ("the ALJ" or "ALJ Stables") denying her claim for Disability Insurance Benefits and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income payments on March 10, 2003, alleging that she became disabled on February 28, 2002, due to spasms caused by fibromyalgia, mental impairment, a history of seizures, blindness in the right eye, dizziness, and shortness of breath. (Tr. at 20.) After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On September 13, 2004, ALJ Stables held a hearing at which Plaintiff appeared and testified. Plaintiff's sister and husband also testified. Mark Leaptrot, a vocational

expert, was present at this hearing but did not testify. (Tr. at 18.) ALJ Stables found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 19.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 6.)

Plaintiff, born on October 29, 1966, was thirty-eight (38) years old when ALJ Stables issued his decision. She has a high school education "and more." (Tr. at 19.) Her past relevant work experience includes employment as a licensed practical nurse and bartacker. (Id.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the

impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of February 28, 2002, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 25.) At Step Two, the ALJ determined that Plaintiff had a history of seizures, which is an impairment considered severe within the Act. (Id.) However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.) The ALJ found that Plaintiff retained the residual functional capacity to perform work at all exertional levels which did not require more than occasional climbing of ladders, kneeling, or crawling, and did not require any exposure to unprotected heights or hazardous machinery. At the next step, ALJ Stables concluded that Plaintiff could perform her past relevant work as a licensed practical nurse, which did not require the performance of work-related activities precluded by her residual functional capacity. (Id.)

3

## **ISSUE PRESENTED**

Plaintiff asserts that the ALJ erred by not reviewing all of the evidence before him at the time he rendered his decision.

## **STANDARD OF REVIEW**

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION OF AUTHORITY

I.  **ALJ Stables' Determination That Plaintiff is not Disabled Within the Meaning of the Act is Supported by Substantial Evidence.**

Plaintiff asserts that the ALJ erred by failing to review all of the evidence before him at the time he rendered his decision to deny her benefits. Specifically, Plaintiff contends that her attorney advised ALJ Stables that she had outstanding records which had not been obtained or submitted at the time of the hearing, as Plaintiff was not represented by counsel at the time of the hearing. Plaintiff avers that ALJ Stables' error is "compounded" by his finding that her attorney "belatedly requested time to submit additional records . . . but no additional evidence has been received." (Pl.'s Br., p. 5.) Plaintiff asserts that these records were before the ALJ, and, for whatever reason, he did not review or comment on them before reaching his decision.

Defendant contends that the ALJ was not required to make specific references to every piece of evidence in reaching his decision. Defendant also contends that the ALJ's determination that Plaintiff is not disabled is supported with references to specific evidence in the record. Defendant alleges that Plaintiff fails to explain how any of the evidence the ALJ supposedly ignored would support a finding of "disabled" and require a reversal or remand of the ALJ's decision. Defendant asserts that the record contains some evidence which the ALJ did not specifically address in his decision, but this does not mean that the ALJ did not consider the evidence or negate the weight afforded to the evidence the ALJ did address in his decision.

"[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which

5

is not enough to enable [a] court . . . to conclude that the ALJ considered [a claimant's] medical condition as a whole." Dyer, 395 F.3d at 1211 (internal punctuation and citation omitted). The standard of review is "whether the ALJ's conclusion as a whole was supported by substantial evidence in the record." Id.

ALJ Stables noted that Plaintiff alleged that she was disabled, in part, due to spasms from her shoulders to her ankles which were caused by fibromyalgia. ALJ Stables also noted Plaintiff's reports of constant back pain when she bent to sort clothes or to get cooking pans, pain and weakness in her legs, and weakness in her shoulders and arms. ALJ Stables stated that the objective medical evidence of record, which documented Plaintiff's history of treatment for her complaints of back pain and upper and lower extremity pain and weakness, did not support the allegation that any abnormality "likely caused [Plaintiff's] alleged symptoms." (Tr. at 20.) The ALJ noted that physical examinations through November 2004 were "essentially normal." (Id.) ALJ Stables also noted that the diagnostic impressions of doctors for nearly a two (2) year period were "phantom pain", "chronic back pain with a large psychological overlay", "subjective complaints and stiffness and pain, but evaluation negative", and "suspect that her symptoms are psychogenic in nature". (Id.) ALJ Stables further noted that State Agency medical consultants interpreted the findings of an April 2003 examination as "documented malingering". (Id.)

ALJ Stables determined that Plaintiff's subjective allegations were not fully credible due to: the lack of objective evidence of any abnormality, other than her history of seizures, which persisted for at least a twelve month period; Plaintiff's documented exaggeration in examination; and medical expert opinion of malingering. Specifically, the ALJ concluded

6

that Plaintiff's fibromyalgia was not a severe impairment of twelve (12) months' duration, which is the durational requirement for an impairment to be considered for disability under the Act. In reaching this conclusion, ALJ Stables pointed to Dr. Perry Streat's records, which stated that Plaintiff had multiple tender trigger points consistent with fibromyalgia, but Plaintiff had full range of motion throughout, and the examinations were otherwise normal. (Tr. at 20-21.) ALJ Stables observed that Dr. R. Neal Boswell's physical examination in November 2004 was essentially normal, and Plaintiff complained only of pain in her back and shoulders and of her legs feeling heavy. The ALJ also observed that Dr. Boswell found that Plaintiff demonstrated a much higher level of physical functioning during informal observations and with distraction than during formal testing, and the symptoms were disproportionate to the physical exam findings. ALJ Stables noted that, based on Dr. Boswell's examination and Plaintiff's medical records, Dr. Boswell's diagnostic impression was of obesity, diffuse myalgias, and a history of seizures, but not fibromyalgia. (Tr. at 21.) Finally, ALJ Stables noted that December 2004 records revealed that Plaintiff's general medical condition was stable and there was no evidence of continued signs or symptoms associated with fibromyalgia.

ALJ Stables also concluded that Plaintiff did not have a mental impairment that could be considered "severe" within the meaning of the Act. ALJ Stables noted that Plaintiff denied experiencing depression, anxiety, or any other symptoms resulting from a mental disorder; he also noted that Plaintiff's presentation to Dr. Boswell and the level of activities of her daily living did not suggest the existence of a severe mental impairment. Upon examination, Plaintiff did not show signs of depression, retardation, memory problems, or deficits in logical thought processes. (Tr. at 22.)

ALJ Stables' determination that Plaintiff was not disabled within the meaning of the Act is supported by substantial evidence. An ALJ is not required to refer to every piece of evidence before him. It is apparent that the ALJ did not broadly reject Plaintiff's request for disability, despite Plaintiff's assertion that ALJ Stables did not review or comment on all of the medical evidence which her attorney submitted. ALJ Stables reviewed Plaintiff's testimony and many records documenting Plaintiff's subjective complaints and the impressions and diagnoses from several medical sources. Plaintiff fails to establish what impact, if any, ALJ Stables' specific references to the medical evidence outlined in her brief would have on his determination that Plaintiff is not disabled within the meaning of the Act. Additionally, Plaintiff's attorney submitted the records listed in her brief to the Appeals Council. (Tr. at 326-431.) The Appeals Council considered this evidence and found that this evidence did not provide a basis for changing the ALJ's decision. (Tr. at 6-7.) Plaintiff is not entitled to her requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)